FILED
2006 Apr-11  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. SHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| | ) | |
| v. | ) | CV-06-RRA-0013-S |
| | ) | |
| O'CARRS MANAGEMENT CORPORATION, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| O'CARRS MANAGEMENT CORPORATION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | CV-06-RRA-306-S |
| PATRICIA SHEELER, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**
(Re Sheeler's Objections to the Arbitration Order or Motion for Reconsideration, ct. Doc. 21).

This case comes before the court on the plaintiff's objections to the court's order of March 28, 2006, or, in the alternative, motion for reconsideration of that order. The procedural history of this case shows that case number CV-06-RRA-0013-S, the lead case in this action, was filed on January 4, 2006. The motion to compel arbitration and for stay was filed in that case on January 20, 2006. (Doc. 10). The parties did not consent to magistrate judge jurisdiction.

On February 13, 2006, case number CV-06-RRA-306-S was removed to the Northern District of Alabama.  On February 15, 2006, Sheeler, the plaintiff in the first case and the defendant in the second case, filed a motion to consolidate the two cases.  On February 22, 2006, Sheeler filed a motion to reassign CV-06-RRA-306-S to a magistrate judge.  In that motion, Sheeler confirmed that all parties had consented to the jurisdiction of a magistrate judge.  On February 27, 2006, District Judge Virginia Hopkins, in CV-06-RRA-306-S, wrote: "IT IS ORDERED that this case be referred to T. Michael Putnam, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 18 U.S.C. § 636(c) and Fed.R.Civ.P. 73."  On March 6, 2006, both cases were consolidated before the undersigned for all purposes.

The motion to compel arbitration that was filed in the first case was granted, arbitration was ordered, and proceedings in the first action was stayed, while proceedings in the second case were allowed to proceed.  In the subject motion, Sheeler contends that because there was not consent given in the first case, the undesigned should not have ruled on the motion to arbitrate.  This issue should be addressed before Sheeler's objections or motion to reconsider is considered.

Once cases are consolidated for all purposes, *including trial*, they are, in effect, but one case. It would not make sense thereafter to contend that only the issues in the case to which consent was expressly given may be tried by the magistrate judge. Such result would defeat the very purpose of consolidation for all purposes; there must be consent as to all issues in the consolidated case, or consent as to none.  Accordingly, the parties need to decide whether these two actions should remain consolidated, without consent as to any of the issues,

whether the cases should remain consolidated, with consent as to all issues, or whether the order of consolidation should be rescinded, with there being magistrate judge consent in the second case but not in the first case.[1] The parties have until **April 24, 2006** to respond.

DONE this 11th day of April, 2006.

Robert R. Armstrong, Jr.
United States Magistrate Judge

---

[1]The parties should consider how interrelated the issues are in the two separate cases. Also, it is pointed out that the United States Supreme Court case of *Roell v. Withrow*, 538 U.S. 580 (2003) discussed implied consent of magistrate jurisdiction in certain circumstances. (It does not matter to the undersigned what the parties decide. If the parties cannot agree, however, the undersigned must make a ruling.)