IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. SHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| | ) | |
| v. | ) | CV-06-RRA-0013-S |
| | ) | |
| O'CARRS MANAGEMENT CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| O'CARRS MANAGEMENT CORPORATION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | CV-06-RRA-306-S |
| PATRICIA SHEELER, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**
(1) MAINTAINING CONSOLIDATION
(2) RESCINDING CONSENT TO MAGISTRATE JURISDICTION
(3) CHANGING ORDER TO ARBITRATE TO A REPORT AND
RECOMMENDATION, AND
(4) DIRECTING CLERK TO SELECT A DISTRICT JUDGE TO RULE ON
THE MOTION TO ARBITRATE, BASED UPON THE REPORT AND
RECOMMENDATION AND THE RESPONSES AND OBJECTIONS
THERETO

This case comes before the court on the plaintiff's objections to the court's order of

March 28, 2006, or, in the alternative, motion for reconsideration of that order ( ct. doc. 21).

The procedural history of this case shows that case number CV-06-RRA-0013-S, the lead case

in this action, was filed on January 4, 2006. That case concerns purported violations of the securities' laws stemming from a purported "franchise agreement" entered into by the parties, and the alleged breach of that agreement. The motion to compel arbitration and for stay was filed in that case on January 20, 2006 (ct. doc. 10). The parties did not consent to magistrate judge jurisdiction.

On February 13, 2006, case number CV-06-RRA-306-S was removed to the Northern District of Alabama. That case also arises out of a purported violation of the same "franchise agreement".

On February 15, 2006, Sheeler, the plaintiff in the first case and the defendant in the second case, filed a motion to consolidate the two cases. On February 22, 2006, Sheeler filed a motion to reassign CV-06-RRA-306-S to a magistrate judge. In that motion, Sheeler confirmed that all parties had consented to the jurisdiction of a magistrate judge. On February 27, 2006, District Judge Virginia Hopkins, in CV-06-RRA-306-S, wrote: "IT IS ORDERED that this case be referred to T. Michael Putnam, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 18 U.S.C. § 636(c) and Fed.R.Civ.P. 73." On March 6, 2006, both cases were consolidated before the undersigned for all purposes.

The motion to compel arbitration that was filed in the first case was granted, arbitration was ordered, and proceedings in the first action was stayed, while proceedings in the second case were allowed to proceed. In the subject motion, Sheeler contends that because there was not consent given in the first case, the undesigned should not have ruled on the motion to arbitrate but issued a report and recommendation instead.

This court issued the following order on April 11, 2006:

> Once cases are consolidated for all purposes, *including trial*, they are, in effect, but one case. It would not make sense thereafter to contend that only the issues in the case to which consent was expressly given may be tried by the magistrate judge. Such result would defeat the very purpose of consolidation for all purposes; there must be consent as to all issues in the consolidated case, or consent as to none. Accordingly, the parties need to decide whether these two actions should remain consolidated, without consent as to any of the issues, whether the cases should remain consolidated, with consent as to all issues, or whether the order of consolidation should be rescinded, with there being magistrate judge consent in the second case but not in the first case. The parties have until **April 24, 2006** to respond.

*Order of April 11, 2006*, at 2-3.

Sheeler filed a response to that order in which she stated that she elected "to request the order of consolidation be rescinded with magistrate judge consent in CV-06-RRA-013-S and not in CV-06-RRA-306-S." *Sheeler Response to Order of April 11, 2006*, at 4. In other words, Sheeler wants to maintain consent in one of the original cases, withhold it in the other, and de-consolidate this action into its previous separate cases. O'Carrs, who filed the motion to compel arbitration which the undersigned granted, has taken no position in the matter.

The issues in this consolidated action all stem from the same contract, and all issues are, therefore, closely related. It is the interrelationship of issues which was the reason Sheeler sought consolidation in the first place. Under these circumstances, it would not be sensible to have one judge preside over some of the issues while another judge presides over the remainder of the issues; de-consolidation would run counter to all the reasons that made consolidation proper. Therefore, this action will *remain consolidated*, the parties' consent to magistrate judge jurisdiction given in the one case before consolidation is hereby *rescinded*, and this one, consolidated action will be handled by the undersigned as a non-consent case.

Accordingly, the *order* for arbitration is hereby amended so that it is now a *report and recommendation*. The clerk is directed to select a district judge to consider the motion to compel arbitration, based upon the report and recommendation recommending arbitration and the parties' responses and objections thereto. The remainder of the action shall remain with the undersigned.

DONE and ORDERED, this 1st day of May, 2006.

_____
Robert R. Armstrong, Jr.
United States Magistrate Judge

4